**MAYNARD NEXSEN LLP**
VIVIAN I. ORLANDO (SBN 213833)
vorlando@MaynardNexsen.com
10100 Santa Monica Boulevard, Ste. 550
Los Angeles, CA 90067
Telephone:  310.596.4500

**BC DAVENPORT, LLC**
DAVID A. DAVENPORT*
David@bcdavenport.com
ALEXANDER M. HAGSTROM*
Alex@bcdavenport.com
105 5th Ave. South, Suite 375
Minneapolis, MN 55401
Telephone:  612.445.8010
*Admitted Pro Hac Vice

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

| | |
|---|---|
| MUSKEGON HOLDINGS LLC, a Delaware limited liability company, <br><br> Plaintiff/Counter-Defendant, <br><br> v. <br><br> VP LB13 LLC, a California limited liability company; and CANOPY COMMUNITIES CORPORATION, f/k/a DECRO GAMMA CORPORATION, a California nonprofit corporation, <br><br> Defendants/Counterclaimants/ Third-Party Plaintiffs, <br><br> v. <br><br> ALDEN TORCH FINANCIAL LLC, a Delaware limited liability company, and DECRO LONG BEACH, L.P., a California limited Partnership, <br><br> Third-Party Defendants. | Case No. 8:23-cv-01302-DOC-JDEx <br><br> *Hon. David O. Carter, Courtroom 10A* <br><br> **DEFENDANTS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND NON-TAXABLE COSTS WITH INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> [Filed concurrently with Declaration of Vivian I. Orlando; Declaration of David Nahas; Declaration of Carolina Romo; Declaration of Candace Leasure; Declaration of David A. Davenport; and Proposed Order] <br><br> Date: March 10, 2025 <br> Time:  8:30 a.m. <br> Ctrm: 10A <br> Judge: Hon. David O. Carter |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on March 10, 2025, at 8:30 a.m., or as soon thereafter as counsel may be heard, in the courtroom for the Honorable David O. Carter, Defendants/Counterclaimants Canopy Communities Corporation f/k/a Decro Gamma Corporation ("**Canopy**") and VP LB13 LLC ("**VP**" and, together with Canopy, the "**General Partners**") will bring for hearing a Motion for Attorneys' Fees and Non-Taxable Costs (the "**Motion**") pursuant to Fed. R. Civ. P. 54(d), Section 14.16 of the parties' Limited Partnership Agreement ("**LPA**") (Dkt. 1-1), and Section 10 of the parties' Purchase Option Agreement ("**Option Agreement**") (Dkt 1-2). Because the General Partners are the prevailing parties, they are contractually entitled to an award of attorneys' fees and non-taxable costs under Section 14.16 of the LPA and Section 10 of the Option Agreement.

This Motion is based on the following documents filed by Defendants concurrently herewith: Incorporated Memorandum of Points and Authorities; the Declaration of David A. Davenport and documents attached thereto; the Declaration of David Nahas; the Declaration of Carolina Romo; the Declaration of Candace Leasure; the Declaration of Vivian I. Orlando; all of the pleadings and other documents on file in this case; all other matters of which the Court may take judicial notice; and any further argument or evidence that may be presented at oral argument.

This Motion is made following the conference and related communications of counsel pursuant to L.R. 7-3, which took place in person on January 21, 2025 and continued via email through January 23, 2025.

DATED:  January 29, 2025

**BC DAVENPORT, LLC**

By: /s/ *David A. Davenport*
    David A. Davenport
     (admitted *pro hac vice*)
    Alexander M. Hagstrom
     (admitted *pro hac vice*)

    -and-

**MAYNARD NEXSEN LLP**
    Vivian I. Orlando (SBN 213833)
    Alison J. Shilling (SBN 340154)

***Attorneys for Defendants VP LB13 LLC and Canopy Communities Corporation***

# **TABLE OF CONTENTS**

TABLE OF CONTENTS .......................................................................... i

TABLE OF AUTHORITIES ................................................................. ii

PRELIMINARY STATEMENT ........................................................... 1

BACKGROUND ................................................................................. 3

MEMORANDUM OF POINTS AND AUTHORITIES ...................... 4

    I.     THE COURT SHOULD AWARD THE GENERAL
          PARTNERS ALL OF THEIR ATTORNEYS' FEES
          AND COSTS ................................................................... 4

          A.     The Agreements Provide for Broad Recovery of *All*
               Attorneys' Fees and Costs. ..................................... 4

          B.     The Court Should Award the General Partners the
               Full Amount of Their Attorneys' Fees. .................. 5

          C.     The General Partners Should Be Awarded All of
               Their Non-Taxable Costs. ..................................... 16

CONCLUSION .................................................................................. 19

L.R. 11-6.2 CERTIFICATE OF COMPLIANCE .............................. 21

-i-

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND NON-TAXABLE
COSTS WITH INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES

1

## <u>TABLE OF AUTHORITIES</u>

2

## <u>CASES</u>

3

*Artext, Inc. v. Angelica Corp.*,
    2014 WL 12883275,
4   (C.D. Cal. Dec. 30, 2014) ............................................................. *passim*

5

*Bentley v. United of Omaha Life Ins. Co.*,
    2020 WL 3978090,
6   (C.D. Cal. Mar. 13, 2020) ..............................................................11

7

*Billion Motors, Inc. v. 5 Star Auto Grp.*,
    2020 WL 8373396,
8   (C.D. Cal. Dec. 17, 2020) ........................................................ 11-12

9

*Bluprint Clothing Corp. v. Chico's FAS, Inc.*,
    2024 WL 4720796,
10  (C.D. Cal. Sept. 4, 2024) ...............................................................10

11

*Cataphora Inc. v. Parker*,
    848 F. Supp. 2d 1064 (N.D. Cal. 2012) .........................................3
12

13

*CED Capital Holdings 2000 EB, L.L.C. v. CTCW Berkshire
    Club, L.L.C.*,
    2020 WL 6537072, (Fla. Cir. Ct. Nov. 3, 2020)
14  *aff'd sub nom.*, 330 So.3d 991 (Fla. 5th DCA Nov. 5, 2021) ....................4

15

*CED Capital Holdings X, Ltd. et al. v. CTCW-Waterford East,
    L.L.C.*,
16  2023 WL 3436906, (Fla. Cir. Ct. May 8, 2023)..........................................4

17

*Ctr. For Biological Diversify v. County of San Bernardino*,
    188 Cal.App.4th 603 (2010)..............................................................8
18

19

*Edwards v. City of Colfax*,
    2011 WL 572171 (E.D. Cal. Feb. 15, 2011) ................................18

20

*Ferland v. Conrad Credit Corp.*,
    244 F.3d 1145 (9th Cir. 2001) .....................................................15
21

22

*Garrapata, LLC v. Norok Innovation, Inc.*,
    2022 WL 4099471,
23   (C.D. Cal. June 24, 2022) ..................................................... 8, 10, 12

24

*Graham v. DaimlerChrysler Corp.*,
    34 Cal.4th 553, 21 Cal.Rptr.3d 331, 101 P.3d 140
    (Cal. 2004) ............................................................................... 6, 13
25

26

*Gross v. CitiMortgage Inc.*,
    2023 WL 5133712,
27  (D. Ariz. Aug. 10, 2023)..................................................................9

28

*In re Davis*,
  595 B.R. 818 (Bankr. C.D. Cal. 2019)
  *aff'd*, 2019 WL 2931668 (B.A.P. 9th Cir. July 3, 2019),
  *aff'd*, 809 F. App'x 415 (9th Cir. 2020) ........................................................2

*In re Martin*,
  2019 WL 3025248,
  *aff'd*, 2021 WL 825142 (B.A.P. 9th Cir. Mar. 3, 2021),
  *aff'd*, 2022 WL 135816 (9th Cir. Jan. 14, 2022) .................................4, 5,

*In re Omnivision Techs., Inc.*,
  559 F. Supp. 2d 1036,
   (N.D. Cal. 2008) ........................................................................................18

*Ingram v. Oroudjian*,
  647 F. 3d 925, (9th Cir. 2011) ....................................................................9

*JER Hudson GP XXI LLC v. DLE Invs.*,
  275 A.3d 755, (Del. Ch. May 2, 2022) ........................................................4

*Kacsuta v. Lenovo (United States) Inc.*,
  2014 WL 12585787,
  (C.D. Cal. Dec. 16, 2014) ..........................................................................18

*Klein v. L. Offs. of D. Scott Carruthers*,
  2015 WL 3626946,
  (N.D. Cal. June 10, 2015) ..........................................................................15

*Marroquin v. Unidentified LAPD Officer*,
  2023 WL 8143670,
  (C.D. Cal. Oct. 3, 2023)..............................................................................17

*Martin Cap., Inc v. Brookshire Innovations, LLC*,
  2023 WL 6194400,
  (C.D. Cal. June 14, 2023) .............................................................. 3, 9, 11

*Martino v. Denevi*,
  182 Cal.App.3d 553 (1986) ........................................................................11

*McCown v. City of Fontana*,
  565 F.3d 1097 (9th Cir. 2009) ....................................................................12

*Melnyk v. Robledo*,
  64 Cal. App. 3d 618, 134 Cal. Rptr. 602
  (Ct. App. 1976) ............................................................................................6

*Muniz v. United Parcel Serv., Inc.*,
  738 F.3d 214 (9th Cir. 2013) ........................................................................3

*Nemecek & Cole v. Horn*,
  208 Cal.App.4th 641 (2012) ........................................................................8

*Netlist Inc. v. Samsung Electrs. Co.*,
  2022 WL 2712589,
  (C.D. Cal. June 13, 2022) ..........................................................................11

*Parkinson v. Hyundai Motor Am.*,
  796 F.Supp.2d 1160
  (C.D. Cal. 2010) ................................................................. 6, 12, 13

*Pierce v. Cnty. of Orange*,
  905 F. Supp. 2d 1017
  (C.D. Cal. 2012) .......................................................................2, 3

*PLCM Grp. v. Drexler*,
  22 Cal. 4th 1084,
  997 P.2d 511 (2000) .............................................................. 6, 13

*Real v. Cont'l Grp., Inc.*,
  116 F.R.D. 211 (N.D. Cal. 1986) ................................. 14, 15, 16

*Riker v. Distillery*,
  2009 WL 2486196
  (E.D. Cal. Aug. 12, 2009).............................................................15

*Rios v. City of Los Angeles*,
  2023 WL 3432164,
  (C.D. Cal. Mar. 2, 2023) ..................................................... *passim*

*Ketchum v. Moses*,
  24 Cal. 4th 1122, 17 P.3d 735 (2001) ......................... 5, 6, 8, 13

*Saugatuck, LLC v. St. Mary's Commons Assocs., L.L.C.*,
  2023 WL 2698061 (E.D.N.Y. March 29, 2023) ..........................4

*Serricchio v. Wachovia Secs., LLC*,
  258 F.R.D. 43 (D. Conn. 2009).....................................................15

*Strong Trading Inc. v. Unique Designs, Inc.*,
  2022 WL 22715189
  (C.D. Cal. Oct. 4, 2022)................................................................11

*SunAmerica Hous. Fund 1050 v. Pathway of Pontiac, Inc.*,
  33 F.4th 872 (6th Cir. 2022).........................................................14

*Sunstone Behav. Health, Inc. v. Alameda Cnty. Med. Ctr.*,
  646 F. Supp. 2d 1206 (E.D. Cal. 2009)................................. 6, 18

*Taburaza v. Zarate (In re Zarate)*,
  567 B.R. 176 (Bankr. N.D. Cal. 2017),
  *aff'd*, 2021 WL 825142 (B.A.P. 9th Cir. Mar. 3, 2021),
  *aff'd*, 2022 WL 135816 (9th Cir. Jan. 14, 2022) .................... 4-5

*Valenzuela v. City of Anaheim*,
  2023 WL 2249178,
  (C.D. Cal. Feb. 23, 2023) ............................................................10

**STATUTES**

28 U.S.C. § 1961(a) ......................................................... 3, 19

**CODES**

Cal. Code Civ. Proc. § 1021 ................................................................................4

Cal. Code Civ. Proc.§ 1032(a)(4) ........................................................................2

**OTHER AUTHORITIES**

*Determining reasonable attorney fees*,
    O'Connor's Federal Rules * Civil Trials Ch. 9-C § 5
    (2025 ed.)...................................................................................................15

*Laffey* Matrix, http://www.laffeymatrix.com/see.html............................. 9, 11

Pursuant to Fed. R. Civ. P. 54(d) and Section 13 of the Final Pretrial Conference Order (Dkt. 100-1), Defendants/Counterclaimants Canopy Communities Corporation f/k/a Decro Gamma Corporation ("**Canopy**") and VP LB13 LLC's ("**VP**"; and together with Canopy, the "**General Partners**") respectfully move the Court for an award of attorneys' fees and non-taxable costs[1] (the "**Motion**") against, jointly and severally, Plaintiff/Counter-Defendant Muskegon Holdings LLC ("**Muskegon**") and Counter-Defendant/Third-Party Defendant Alden Torch Financial LLC ("**Alden Torch**"; and, together with Muskegon, the "**Alden Parties**").

## PRELIMINARY STATEMENT

On November 19, 2024, the jury returned the following unanimous verdict in favor of the General Partners on all claims and issues: (1) Decro Long Beach, L.P. (the "**Partnership**") desired to accept a bona fide offer from an unrelated third party to purchase the Partnership's 320-unit, scattered-site affordable housing property in Long Beach, California (the "**Property**"), thereby triggering Canopy's right of first refusal ("**ROFR**") granted in accordance with the Low-Income Housing Tax Credit ("**LIHTC**") program and memorialized in a Purchase Option Agreement (the "**Option Agreement**"); (2) the ROFR purchase price is $27,974,314; (3) Muskegon (a) breached the Option Agreement and the parties' associated limited partnership agreement ("**LPA**"; together with the Option Agreement, the "**Agreements**"), (b) breached the implied covenants of good faith and fair dealing therein, and (c) tortiously interfered with Canopy's contractual rights with the Partnership by, *inter alia*, asserting contractual rights it did not possess; (4) Muskegon's

---

[1] In accordance with Fed. R. Civ. P. 54(d) and L.R. 54-2, the General Partners are separately seeking taxable costs from the Clerk. Insofar as any costs sought from the Clerk are determined not to be taxable costs, the General Partners seek reimbursement of such costs hereby as non-taxable costs.

conduct was not protected by litigation privilege; (4) Canopy suffered $95,928 in damages; and (5) Muskegon is Alden Torch's alter ego (making Alden Torch jointly and severally liable). (Dkt. 141)  The Court entered Judgment consistent with this verdict on January 15, 2025. (Dkt. 161).  Accordingly, the General Partners are the prevailing parties[2] and contractually entitled to an award of attorneys' fees under Section 14.16 of the LPA and Section 10 of the Option Agreement.  Section 14.16 of the LPA states:

> In the event any party to this Agreement shall be required to initiate legal proceedings to enforce performance of any term or condition of this Agreement, including, but not limited to, the payment of monies or the enjoining of any action prohibited hereunder, the prevailing party shall be entitled to recover such sums, in addition to any other damages or compensation received, as will reimburse the prevailing party for reasonable attorneys' fees and costs incurred on account thereof notwithstanding the nature of the claim or cause of action asserted by the prevailing party.  (Dkt. 1-1 at § 14.16)

Section 10 of the Option Agreement states:

> In the event of any action or proceeding at law or in equity between the Limited Partners and Optionee to enforce any provision of this Agreement or to protect or establish any right or remedy of either party hereunder, the unsuccessful party to the

---

[2] *See Artext, Inc. v. Angelica Corp.*, 2014 WL 12883275, at *7 (C.D. Cal. Dec. 30, 2014) ("Angelica won each and every claim, defensive and affirmative, and it achieved the only monetary recovery."); *In re Davis*, 595 B.R. 818, 836 (Bankr. C.D. Cal. 2019) (noting "prevailing party" under the California Code of Civil Procedure "includes the party with a net monetary recovery" or "a defendant as against those plaintiffs who do not recover any relief against that defendant") (quoting CCP § 1032(a)(4)), *aff'd*, 2019 WL 2931668 (B.A.P. 9th Cir. July 3, 2019), *aff'd*, 809 F. App'x 415 (9th Cir. 2020); *see also Pierce v. Cnty. of Orange*, 905 F. Supp. 2d 1017, 1049 (C.D. Cal. 2012).

litigation shall pay to the prevailing party all costs and expenses, including, without limitation, reasonable attorneys' fee incurred therein by the prevailing party, and if the prevailing party recovers judgment in any action or proceeding, the costs, expenses and attorney's fees shall be included in and as part of the judgment. (Dkt. 1-2 at § 10)

As the prevailing parties, the General Partners respectfully request that the Court enter an order and amend the Judgement to: (1) award **$1,356,077.62** in attorneys' fees and non-taxable costs reasonably incurred in connection with this litigation pursuant to the Agreements (plus additional fees and costs incurred for work in January and to be incurred in connection with this Motion and other post-trial briefing, which additional amount will be provided in connection with Defendants' Reply Brief);[3] and (2) provide that this amount, together with the $95,928 in damages, shall accumulate post-judgment interest at the rate permitted by 28 U.S.C. § 1961(a).[4]

## **BACKGROUND**

Because the Court is fully informed of the nature of the parties' dispute, the General Partners will not belabor it here.  However, as pertinent to this

---

[3] "California law allows a [prevailing party] to recover not only the fees incurred with respect to the underlying claim but also any fees incurred in enforcing the right to fees." *Muniz v. United Parcel Serv., Inc.*, 738 F.3d 214, 227 (9th Cir. 2013) (collecting cases); *accord Pierce v. Cnty. of Orange*, 905 F. Supp. 2d 1017, 1045 (C.D. Cal. 2012) (awarding "fees on fees" and finding $70,346.15 to be a reasonable lodestar for the substantial briefing and supporting documents required for th[e] complex request").

[4] *See, e.g.*, *Cataphora Inc. v. Parker*, 848 F. Supp. 2d 1064, 1074 (N.D. Cal. 2012) ("While state law governs prejudgment interest on state-law claims in diversity cases, federal law governs postjudgment interest. Postjudgment interest is mandatory." (citing 28 U.S.C. § 1961(a)) (internal citations omitted)); *accord Martin Cap., Inc v. Brookshire Innovations, LLC*, 2023 WL 6194400, at *4 (C.D. Cal. June 14, 2023) ("Plaintiffs are entitled to post-judgment interest as a matter of law.")

Motion, it is important to note that this case: (i) is one of many litigated disputes going on across the country within the LIHTC industry in recent years as part of an intensifying trend, *see CED Capital Holdings 2000 EB, L.L.C. v. CTCW Berkshire Club, L.L.C.*, 2020 WL 6537072, at *5, *10 (Fla. Cir. Ct. Nov. 3, 2020) (identifying the "Aggregator" and their "playbook"), *aff'd sub nom.*, 330 So.3d 991 (Fla. 5th DCA Nov. 5, 2021); *JER Hudson GP XXI LLC v. DLE Invs.*, 275 A.3d 755, 772-74 (Del. Ch. May 2, 2022) (collecting cases and authorities); *CED Capital Holdings X, Ltd. et al. v. CTCW-Waterford East, L.L.C.*, 2023 WL 3436906, at *11 (Fla. Cir. Ct. May 8, 2023) (commenting on intensified trend); (ii) concerns "the public's particular interest" in the LIHTC program, *Saugatuck, LLC v. St. Mary's Commons Assocs., L.L.C.*, 2023 WL 2698061, at *2 (E.D.N.Y. March 29, 2023), and (iii) involves a well-known, serial litigant (Alden Torch) operating within the LIHTC industry, who, as confirmed at trial, has instigated several, high-profile cases and chose to do so again here, (*see* Dkt. 68-3 at 11-12).

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   THE COURT SHOULD AWARD THE GENERAL PARTNERS ALL OF THEIR ATTORNEYS' FEES AND COSTS.

#### A.   The Agreements Provide for Broad Recovery of *All* Attorneys' Fees and Costs.

In diversity cases, as here, "state law governs both the right to recover fees and the computation of their amount." *Artext*, 2014 WL 12883275, at *6 (collecting cases).  Regarding the right to recover fees, Cal. Code Civ. Proc. § 1021 authorizes the prevailing party in litigation to recover attorneys' fees, "whether the litigation sounds in contract or in tort," where the parties so contract. *In re Martin*, 2019 WL 3025248, at *12 (Bankr. C.D. Cal. July 10, 2019) (quoting *Taburaza v. Zarate (In re Zarate)*, 567 B.R. 176, 182 (Bankr. N.D. Cal. 2017)), *aff'd*, 2021 WL 825142 (B.A.P. 9th Cir. Mar. 3, 2021), *aff'd*,

2022 WL 135816 (9th Cir. Jan. 14, 2022).

Here, the Option Agreement broadly provides for the recovery of "*all costs and expenses, including, without limitation, reasonable attorneys' fee* incurred . . . by the prevailing party" in "any action or proceeding at law or in equity . . . *to enforce any provision of this [Option] Agreement or to protect or establish any right or remedy of either party hereunder*...." (Dkt. 1-2, at §10 (emphasis added))  The LPA likewise broadly provides for the recovery of "such sums, in addition to any other damages or compensation received, as will reimburse the prevailing party *for reasonable attorneys' fees and costs incurred on account thereof notwithstanding the nature of the claim or cause of action asserted by the prevailing party.*"  (Dkt. 1-1, at §14.16 (emphasis added))  Courts in California and the Ninth Circuit have regularly found such broad language to invoke Section 1021 and authorize the recovery of fees and costs incurred in litigating both contract and tort claims. *See, e.g.*, *In re Martin*, 2019 WL 3025248, at *11 (collecting cases), *aff'd*, 2021 WL 825142 at *4-5 (B.A.P. 9th Cir. Mar. 3, 2021), *aff'd*, 2022 WL 135816 (9th Cir. Jan. 14, 2022). Accordingly, the General Partners are entitled to recover *all* costs and reasonable attorneys' fees incurred in this action.

**B.    The Court Should Award the General Partners the Full Amount of Their Attorneys' Fees.**

Regarding the amount of fees, California has adopted the federal lodestar approach for calculating attorneys' fees, which requires the court multiply the reasonable number of hours expended by a reasonable hourly rate to reach a lodestar figure. *Artext*, 2014 WL 12883275, at *6 (collecting cases). In making its determination, the court may also consider the "*Ketchum*" factors, which include: "(1) the novelty and difficulty of questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, and (4) the

contingent nature of the fee award." *Rios v. City of Los Angeles*, 2023 WL 3432164, at *5 (C.D. Cal. Mar. 2, 2023) (quoting *Ketchum v. Moses*, 24 Cal. 4th 1122, 1132, 17 P.3d 735, 741 (2001). Such factors also include "the amount involved, the skill required in its handling, the skill employed, the attention given, the success or failure, and other circumstances in the case." *PLCM Grp. v. Drexler*, 22 Cal. 4th 1084, 1096, 997 P.2d 511, 519 (2000) (quoting *Melnyk v. Robledo*, 64 Cal. App. 3d 618, 623–24, 134 Cal. Rptr. 602, 605 (Ct. App. 1976)); *accord Parkinson v. Hyundai Motor Am.*, 796 F.Supp.2d 1160, 1170 (C.D. Cal. 2010) (noting that the "lodestar figure may be adjusted upward or downward to account for several factors, including: (1) the contingent nature of the fee award, (2) the results obtained and the number of people that have benefitted from them, (3) the novelty and complexity of the questions involved and the skill displayed in presenting them, and (4) the extent to which the nature of the litigation precluded other employment." (quoting *Graham v. DaimlerChrysler Corp.,* 34 Cal.4th 553, 579, 21 Cal.Rptr.3d 331, 101 P.3d 140 (Cal. 2004)).

Because the "experienced trial judge is the best judge of the value of professional services rendered in his court," this Court is granted "broad authority to determine the amount of a reasonable fee" and "may make its own determination of the value of the services contrary to, or without the necessity for, expert testimony." *PLCM*, 22 Cal. 4th at 1095 (quoting *Melnyk*, 64 Cal. App. 3d at 623–24). "In exercising this authority, the court is primarily guided by principles of equity." *Sunstone Behav. Health, Inc. v. Alameda Cnty. Med. Ctr.*, 646 F. Supp. 2d 1206, 1212 (E.D. Cal. 2009).

Here, the General Partners' counsel charged reasonable attorneys' fees totaling **$1,184,660.50**, itemized by the following rates and hours expended:

//

//

## BC DAVENPORT LLC

| Timekeeper | 2023 Hours & Rate | 2023 Fees | 2024 Hours & Rate | 2024 Fees | Timekeeper Total |
|---|---|---|---|---|---|
| David A. Davenport (Shareholder) | 17.1 @ $750 | $12,825.00 | 323.9 @ $780 | $252,642.00 | $265,467.00 |
| Alexander M. Hagstrom (Shareholder) | 147 @ $465 | $68,355.00 | 1029.6 @ $505 | $519,948.00 | $588,303.00 |
| Justin Jenkins (Shareholder) | 24.2 @ $620 | $15,004.00 | 97.7 @ $670 | $65,459.00 | $80,463.00 |
| Sean Zaroogian (Shareholder) | 11.6 @ $465 | $5,394.00 | .9 @ $505 | $454.50 | $5,848.50 |
| Samuel T. Johnson (Associate) | 30.9 @ $340 | $10,506.00 | 115.2 @ $390 | $44,928.00 | $55,434.00 |
| Emma Elliot (Of Counsel) | N/A | N/A | 28.6 @ $385 | $11,011.00 | $11,011.00 |
| Michelle R. Lauseng (Paralegal) | 6.2 @ $330 | $2,046.00 | 415 @ $350 | $145,250.00 | $147,296.00 |
| Kaitlyn Lauseng (Project Assistant) | N/A | N/A | 179.2 @ $195 | $34,944.00 | $34,944.00 |
| | | | | | |
| Subtotals | | $114,130.00 | | $1,074,636.50 | $1,188,766.50 |
| | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| Less Discounts | | ($6,186.00) | | | ($6,186.00) |
| **TOTAL** | | **$107,944.00** | | **$1,074,636.50** | **$1,182,580.50** |

(*See generally* Declaration of David A. Davenport ("**Davenport Decl.**")

## MAYNARD NEXSEN

| Timekeeper | 2023 Hours & Rate | 2023 Fees | 2024 Hours & Rate | 2024 Fees | Timekeeper Total |
|---|---|---|---|---|---|
| Vivian I. Orlando | 2.8 @ $400 | $1,120.00 | 2.4 @ 400 | $960.00 | $960.00 |
| **TOTAL** | | **$1,120.00** | | **$960.00** | **$2,080.00** |

(*See generally* Declaration of Vivian I. Orlando ("**Orlando Decl.**"))

As set forth below, because the above-referenced hours were reasonably expended at a reasonable hourly rate and the *Ketchum* factors reaffirm that the lodestar amount of **$1,184,660.50** is reasonable, the Court should award the full amount of these fees.

### 1. **The hourly rates charged were reasonable.**

"The reasonable market value of the attorney's services is the measure of a reasonable hourly rate." *Nemecek & Cole v. Horn*, 208 Cal.App.4th 641, 651 (2012). Generally, this means the hourly rate "prevailing in the community for similar work." *Artext*, 2014 WL 12883275, at *7 (quoting *Ctr. For Biological Diversify v. County of San Bernardino*, 188 Cal.App.4th 603, 616 (2010)). To determine this reasonable hourly rate, the court may consider many sources, including "fee awards in similar actions and the prevailing billing rates of comparable private attorneys." *Id.* "[S]pecialized experience" may also be considered. *See, e.g., Garrapata, LLC v. Norok Innovation, Inc.*,

2022 WL 4099471, at *2 (C.D. Cal. June 24, 2022). "Additionally, district courts may 'rely on their own knowledge of customary rates and their experience concerning reasonable and proper fees.'" *Martin Cap., Inc v. Brookshire Innovations, LLC*, 2023 WL 6194400, at *4 (C.D. Cal. June 14, 2023) (quoting *Ingram v. Oroudjian*, 647 F. 3d 925, 928 (9th Cir. 2011)) (cleaned up). Courts may also consider national surveys, such as the *Laffey* Matrix. *Id.*

Here, numerous sources confirm that the General Partners' counsels' hourly rates are reasonable. First, the rates sought are consistent with those approved in prior fee awards secured by the General Partners' counsel in other similar actions, as adjusted for inflation. *See, e.g.*, *Rios*, 2023 WL 3432164, at *4 (relying on "evidence of past awards" secured by counsel at rates of $950 and $475 per hour to approve then-rates of $1,100 and $550 per hour, respectively, and finding these rates consistent with those charged in this District); *see also Gross v. CitiMortgage Inc.*, 2023 WL 5133712, at *3 (D. Ariz. Aug. 10, 2023) ("Accordingly, the Court finds Plaintiff's rate schedule above is reasonable, with the exception of Mr. Chami's rate for 2022. The Court will assess his rate for hours billed in 2022 at $650/hour. Because of inflation and the lack of contrary evidence from Citi, the Court will assess his hours billed in 2023 at $725/hour."), *appeal dismissed,* 2024 WL 835261 (9th Cir. Jan. 12, 2024). For example, on December 14, 2023, a retired California judge who arbitrated another LIHTC dispute approved the General Partners' counsels' hourly rates that were comparable to the rates being sought here, noting that the Los Angeles-based attorneys at Cox, Castle & Nicholson representing the losing party did not object to the requested hourly rates as inconsistent with those prevailing in the legal community because, in fact, those rates were comparable to or well below those being charged by their Los Angeles-based attorneys and paralegals. (*See* Davenport Decl., Ex. 3 at 4; *see*

*also* Ex. 4 at 15, ¶¶ 33-35, & Ex. B at 5-6)  Here, Los Angeles-based counsel represented the Alden Parties but declined to provide information about their hourly rates in response to the General Partners' request for purposes of this Motion.  (*See* Davenport Decl., Ex. 6)

Second, the General Partners' counsels' hourly rates are particularly reasonable given their specialized expertise in the LIHTC program and the complex disputes nationwide related thereto, an important factor in the results obtained and a key reason that the General Partners retained the undersigned counsel.  (*See, e.g.,* Declaration of David Nahas ("**Nahas Decl.**"), ¶¶ 6-7; Declaration of Carolina Romo ("**Romo Decl.**"), ¶¶ 5-6; Declaration of Candace Leasure ("**Leasure Decl.**"), ¶¶ 5-6; Davenport Decl., Ex. 3 at 4 (finding hours spent and travel time reasonable given the "multiple complex issues raised" and agreeing that the General Partners' "attorneys' qualifications and expertise were necessary to achieve the results"); Ex. 5, at 38-39, ¶¶ 151-52 (finding attorneys' fees "reasonable and necessary" given, *inter alia*, "Davenport is the lead attorney for Claimant and his firm specializes in providing counsel on issues-concerning the Low-Income Housing Tax credit program, including disputes and litigation regarding limited partner exit rights like the issues here.")); *see Garrapata*, 2022 WL 4099471, at *2.

Third, the hourly rates of the General Partners' counsel are consistent with those prevailing in this District, as evidenced by past fee awards.  *See, e.g.*, *Rios*, 2023 WL 3432164, at *4 (approving hourly rates ranging as high as $1,100 per hour as consistent with rates charged in this District (citing *e.g.*, *Valenzuela v. City of Anaheim*, 2023 WL 2249178, at *3–4 (C.D. Cal. Feb. 23, 2023) (awarding rates of $1,200 for lead counsel and $650 for associate attorney in a civil rights case)); *Bluprint Clothing Corp. v. Chico's FAS, Inc.*, 2024 WL 4720796, at *3-4 (C.D. Cal. Sept. 4, 2024) (approving hourly rate of $997.52 for the work of the lead attorney, $589.53 for the work of a fourth-

year associate, and $660 for the work of a fourth-year associate, which were based on the resumes of the attorneys and the prevailing hourly billing rates in the Los Angeles market and asserted to be lower than peer firms); *Strong Trading Inc. v. Unique Designs, Inc.*, 2022 WL 22715189, at *2 (C.D. Cal. Oct. 4, 2022) (citing survey of cases in this District over several years allowing hourly rates from $350.00 to $1,060.00 in breach-of-contract litigation (citing, *e.g.*, *Netlist Inc. v. Samsung Electrs. Co.*, 2022 WL 2712589, at *19 (C.D. Cal. June 13, 2022) (approving fees ranging from $845.00 to $1,060.00 in a breach-of-contract litigation); *Bentley v. United of Omaha Life Ins. Co.*, 2020 WL 3978090, slip op. (C.D. Cal. Mar. 13, 2020) (approving hourly rates from $420.00 to $975.00 in breach-of-contract litigation)).

Finally, the hourly rates of the General Partners' counsel are commensurate with, or below, the rates identified in the *Laffey* Matrix[5], which has been relied upon in this District. *Martin Cap.*, 2023 WL 6194400, at *4.

Respectfully, the Court should find that the hourly rates of the General Partners' counsel are reasonable.

## 2. <u>The hours expended were reasonable.</u>

Under California law, "an attorney need not submit contemporaneous time records in order to recover attorney fees...." *Artext*, 2014 WL 12883275, at *8 (quoting *Martino v. Denevi*, 182 Cal.App.3d 553, 559 (1986). "An attorney's declaration identifying the work performed, hourly rates, and total fees incurred is <u>prima facie</u> evidence that the costs, expenses, and services listed were reasonable." *Id.* "[O]nce the prevailing party satisfies its burden of establishing reasonable hourly rates and time entries, opposing parties must identify with particularity the billing entries that are unreasonable." *Rios*, 2023 WL 3432164, at *3 (quoting *Billion Motors, Inc. v. 5 Star Auto Grp.*, 2020 WL

---

[5] *See Laffey* Matrix, http://www.laffeymatrix.com/see.html (last visited January 24, 2025).

8373396, at *3 (C.D. Cal. Dec. 17, 2020)).  "Reasonable hours expended on a case are hours that are not 'excessive, redundant, or otherwise unnecessary.'" *Garrapata*, 2022 WL 4099471, at *3 (quoting *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009)).

Here, the General Partners have satisfied their burden of producing prima facie evidence of the reasonable hours expended by counsel by submitting declarations and invoices with detailed time entries that have been reviewed by counsel to ensure the hours spent were not excessive, redundant, or otherwise unnecessary.  *See id.*; *Rios*, 2023 WL 3432164, at *3; (*see generally* Davenport Decl.; Orlando Decl.)  As that evidence establishes, a small, efficiently staffed team of counsel and paralegal support spent 2427.10 hours over the course of nearly two years, at a total cost of **$1,184,660.50** (excluding uncharged work),[6] on pre-litigation tasks to enforce the General Partners' rights under the Agreements that was followed by over 16 months of hotly contested litigation on numerous complex factual and legal issues involving the complex federal LIHTC program.  This work included a unique jurisdictional dispute; a motion to strike; a motion to dismiss; months of tedious negotiation on search terms, scope of discovery, and document production related matters; a motion to compel discovery (as well as discovery disputes resolved informally); 11 depositions (several of which doubled as both individual and 30(b)(6) depositions for efficiency); dueling expert discovery; cross-motions for summary judgment spanning hundreds of pages; numerous motions *in limine*; and ultimately a 6-day jury trial on the various claims and defenses, with the Alden Parties disputing—and, thus, requiring that the General Partners prove—virtually every fact.  *See, e.g.*, *Parkinson*, 796 F. Supp. 2d at 1173 (finding 8,771 hours spent over four years—*i.e.*, a

---

[6] Counsel did not charge for work totaling $6,186 and additionally provided a discount on costs of $7,500.  (Davenport Decl., ¶¶ 6, 17)

2,192.75 per year average—reasonable given "the duration of this case, the number and types of filings, and the relatively small number of attorneys who consistently billed on the matter").

### a.  The "Ketchum" factors further validate reasonableness.

The hours spent are particularly reasonable given, first, that the parties were fighting over Canopy's right to obtain ownership of the Property (estimated by the Alden Parties to be worth nearly $54 million) pursuant to its below-market ROFR price, which afforded Canopy, if successful, access to more than *$20 million* of equity in the Property in furtherance of its nonprofit mission of fostering affordable housing for the benefit of the Long Beach community and elsewhere.  (*See* Tr. Ex. 113 at 0113-7); *see also Parkinson*, 796 F.Supp.2d at 1170 (noting that the "lodestar figure may be adjusted upward or downward to account for several factors, including . . . the results obtained and the number of people that have benefitted from them" (quoting *Graham*, 34 Cal.4th at 579)); *PLCM*, 22 Cal. 4th at 1096 (noting that another relevant factor includes "the amount involved").  Moreover, the hours were spent in furtherance of protecting the General Partners' reputations—and, quite possible, their ability to participate in LIHTC tax credit awards and partnerships in the future—based on the Alden Parties' claims that the General Partners' were acting in bad faith, under false pretenses, and effectively trying to steal from the Partnership rather than just enforce bargained-for rights.  *See id.*; (Dkt. 148 at 3, 4-5; *accord* Dkt. 158 at 3-4)

Second, both General Partners were fully vindicated against the Alden Parties sharp attacks, prevailing on *all claims and defenses* at trial.  *See Parkinson*, 796 F.Supp.2d at 1170; *PLCM*, 22 Cal. 4th at 1096.

Third, as to the novelty, difficulty, and skill required, this case involves an area of law that continues to develop and involves complex and technical issues regarding the interpretation of lengthy contracts (the Agreements) in the

context of the complex LIHTC program. *See SunAmerica Hous. Fund 1050 v. Pathway of Pontiac, Inc.*, 33 F.4th 872, 873-74 (6th Cir. 2022) ("Because the parties' claims are intertwined with LIHTC—a highly complex, unique federal program—some background into the mechanics of LIHTC is needed."). Accordingly, achieving success in this case required the kind of expertise in the complex LIHTC program that the General Partners' counsel humbly submit they possess and displayed—particularly given this case was tried to a jury. *See Rios*, 2023 WL 3432164, at *5 (noting that other relevant factors include "the novelty and difficulty of questions involved," and "the skill displayed in presenting them") (quoting *Ketchum*, 24 Cal. 4th at 1132); (*see also, supra*, Davenport Decl., Ex. 3 at 4; Ex. 5 at 38-39, ¶¶ 151-52) This case also involved difficult fact-intensive claims (on which Canopy prevailed), including alter ego liability and a complicated ROFR price dispute that necessitated expert testimony.

In sum, the evidence confirms that reasonable hours were expended at reasonable hourly rates, and all relevant factors support a finding that the resulting lodestar amount, **$1,184,660.50**, is reasonable. Accordingly, the Court should award, at minimum, the full lodestar amount.

### 3. **If the Alden Parties challenge the reasonableness of the rates and hours, they should have to produce their billing records.**

California courts, as well as others, have permitted the discovery of billing records and/or the facts concerning hours spent, hourly rates, and total fees and costs billed by the non-prevailing party's counsel where the non-prevailing party challenges reasonableness of a petition for fees and costs, and the records of the non-prevailing party may have some relevance because the parties were on comparatively equal footing in the case. *See, e.g.*, *Real v. Cont'l Grp., Inc.*, 116 F.R.D. 211, 213 (N.D. Cal. 1986) (permitting discovery on "the hours expended by the defendant on matters pertaining to this case,

counsel's hourly rates, as well as total billings and costs" because those facts were relevant to the prevailing party's fees and costs petition); *Riker v. Distillery*, 2009 WL 2486196, at *2 (E.D. Cal. Aug. 12, 2009) (same); *cf. Klein v. L. Offs. of D. Scott Carruthers*, 2015 WL 3626946, at *5 (N.D. Cal. June 10, 2015) (distinguishing *Cont'l Grp.* because the parties there, unlike the case before the court, "had both engaged in extensive discovery and pretrial motion practice, so their work was much more similar in quantity and quality than the work of the parties in this action"); *see also Determining reasonable attorney fees*, O'Connor's Federal Rules * Civil Trials Ch. 9-C § 5 (2025 ed.) ("In certain circumstances, the nonprevailing party's billing records may be helpful in determining whether the amount of time spent by the prevailing party was reasonable." (collecting cases, *e.g.*, *Serricchio v. Wachovia Secs., LLC*, 258 F.R.D. 43, 46–47 (D. Conn. 2009) (allowing prevailing party to discover opposing counsel's billing records when opposing counsel claimed that time spent by prevailing party's counsel was grossly excessive and reasoning that "the better approach is to permit discovery of an opponent's billing records and then, in comparing the work performed by each side's attorneys, regard differences in the parties' burdens and incentives as relevant to the weight of the records, not whether the records are discoverable" (collecting cases); *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1151 (9th Cir. 2001) (noting that the comparison of the hours respectively expended by each side's counsel "must carefully control for factors such as [differing responsibilities under the applicable rules, whether they are similarly situated with respect to their access to necessary facts, the need to do original legal research to make out their case, and so on], as well as for the possibility that the prevailing party's attorney— who, after all, did prevail—spent more time because she did better work")).

On December 30, 2024, in opposing the Alden Parties' Rule 50(a) motion, the General Partners previewed their intent to move for approximately

$1.35 million in fees and costs following the entry of Judgment. (Dkt. 156 at 2)  Following entry of Judgment, on January 21, 2025, the General Partners' counsel told counsel for the Alden Parties that the General Partners would be filing this Motion for fees and costs, and asked if the Alden Parties intended to challenge entitlement and/or reasonableness, noting that if reasonableness was challenged then counsel believed billing records should be provided.  (*See* Davenport Decl., ¶ 23 & Ex. 6)  The next day, counsel confirmed this in writing through a formal request, but the Alden Parties declined to take a position until after the General Partners filed this Motion.  (*Id.*)

Here, the parties were on comparable footing when it came to the scope of, and their respective motivations in, this litigation.  Additionally, the hourly rates of the Alden Parties' Los Angeles-based attorneys (who bill themselves as having specialized experience with LIHTC disputes such as this one) could be informative as to the reasonableness of the rates of the General Partners' counsel.  *See Cont'l Grp.*, 116 F.R.D. at 213 ("[T]he hourly rates of defendant's counsel, a San Francisco law firm, should shed some light on the reasonableness of the plaintiff's trial counsel's rates because the latter attorneys are also members of a San Francisco law firm; defendant's hourly legal rates would appear to be germane to the question of the community standard.").  Because the parties were on comparable footing and their billing records therefore have relevant comparative value here, the General Partners respectfully request that the Court order the Alden Parties to provide all billing records (or, at minimum, the basic information on hourly rates charged, hours expended, and total amounts fees and costs spent) if they challenge reasonableness.

### C.    The General Partners Should Be Awarded All of Their Non-Taxable Costs.

"Costs incurred during litigation are categorized as either taxable or

nontaxable." *Marroquin v. Unidentified LAPD Officer*, 2023 WL 8143670, at *1 (C.D. Cal. Oct. 3, 2023).  Taxable costs should be presented to the Clerk in a bill of costs, whereas "a party should request nontaxable costs in a motion for attorneys' fees." *Id.*

As outlined above, here, the General Partners are unambiguously entitled by contract to "*all costs and expenses*, including, without limitation, reasonable attorneys' fee[s]...." (Dkt. 1-2, at §10 (emphasis added); *accord* Dkt. 1-1, at §14.16 ("such sums, in addition to any other damages or compensation received, as will reimburse the prevailing party for reasonable attorneys' fees and costs incurred"))  Accordingly, in addition to the bill of costs being separately submitted for taxable costs, the General Partners hereby seek non-taxable costs in the amount of **$171,417.12**, itemized as follows:

| **Costs** | **Amounts** |
|---|---|
| Filing Fees – Pro Hac Vice Motions | $1,500.00 |
| Expert Fees | $84,532.50 |
| ADR Services | $3,145.00 |
| Legal Fees for Appearance of Misi Tagaloa at deposition | $2,500.00 |
| Non-taxable deposition costs | $6,801.98 |
| Hearing and Trial Court Reporting Fees | $12,821.80 |
| WestLaw Legal Research | $10,151.14 |
| Electronic Discovery Services | $7,896.50 |
| | $7,009.63 |

| | |
|---|---|
| Misc. Shipping/Copying | |
| Misc. Trial Expenses – Demonstratives, Equipment | $4,640.94 |
| Travel, Lodging and Meal Expenses | $37,917.63 |
| | $178,917.12 |
| Less Credit | ($7,500) |
| **TOTAL** | **$171,417.12** |

(Davenport Decl., ¶¶ 17-19; Orlando Decl., ¶¶ 6-7)

These costs were legitimately and reasonably incurred, and are routinely billed to clients.  (*See id.*)  *See also, e.g.*, *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1048 (N.D. Cal. 2008) (awarding $560,489.00 in costs and noting that "[a]ttorneys routinely bill clients" for "photocopying, printing, postage and messenger services, court costs, legal research on Lexis and Westlaw, experts and consultants, and the costs of travel for various attorneys and their staff", and accordingly, it was appropriate to recover these costs); *Kacsuta v. Lenovo (United States) Inc.*, 2014 WL 12585787, at *12 (C.D. Cal. Dec. 16, 2014) (approving $300,000 in costs, "of which $239,897.00 are for "Experts, Consultants, Investigators", and  the remainder consisting of "meals, hotels and transportation, Lexis/Westlaw and other online research, mediation fees, photocopies, electronic discovery and data management, telephone and facsimile, messenger and overnight delivery, and filing fees"); *Edwards v. City of Colfax*, 2011 WL 572171, at *9 (E.D. Cal. Feb. 15, 2011) (awarding $98,495.88 in costs, as being reasonably incurred, for experts, meals, travel expenses, computer costs, consultant costs, mileage, gasoline, and phone and copying charges); *Sunstone Behav. Health, Inc. v. Alameda Cnty. Med. Ctr.*, 646 F. Supp. 2d 1206, 1217 (E.D. Cal. 2009) (awarding attorney travel

expenses as non-taxable costs); *Marroquin*, 2023 WL 8143670, at *2 (awarding costs for transcripts of court proceedings not otherwise taxable, the completion of deposition summaries, and numerous miscellaneous costs, including costs for remote state court appearances, parking, transportation, postage, and research).  Accordingly, the Court should award all of these non-taxable costs pursuant to the terms of the Agreements.

## CONCLUSION

For the foregoing reasons, the General Partners respectfully request that the Court amend the Judgment to award the General Partners reasonable attorneys' fees in the amount of **$1,184,660.50** and non-taxable costs in the amount of **$171,417.12**, for a total attorneys' fees and non-taxable costs award of **$1,356,077.62** (subject to additional amounts to be provided in connection with Defendants' reply papers for work in progress and additional work to be completed in connection with this Motion after it is filed).  Further, the General Partners request that this amount, together with the $95,928 in damages, accumulate post-judgment interest as a matter of law at the rate permitted by 28 U.S.C. § 1961(a).

1

DATED:  January 29, 2025

**BC DAVENPORT, LLC**

2

3

By: /s/ *David A. Davenport*
    David A. Davenport
     (admitted *pro hac vice*)
    Alexander M. Hagstrom
     (admitted *pro hac vice*)

4

5

6

    -and-

7

**MAYNARD NEXSEN LLP**
    Vivian I. Orlando (SBN 213833)
    Alison J. Shilling (SBN 340154)

8

9

10

***Attorneys for Defendants VP LB13 LLC and Canopy Communities Corporation***

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

## **L.R. 11-6.2 CERTIFICATE OF COMPLIANCE**

3          The undersigned, counsel of record for Defendants, General Partners,

4   certifies that this brief contains 5,392 words, which complies with the word

5   limit of L.R. 11-6.1. and Judge Carter's Procedures, at § 6.

6   DATED:  January 29, 2025          **BC DAVENPORT, LLC**

7

8                                     By: /s/ *David A. Davenport*
                                          David A. Davenport
9                                            (admitted *pro hac vice*)
                                          Alexander M. Hagstrom
10                                           (admitted *pro hac vice*)

11
                                          -and-
12

13                                    **MAYNARD NEXSEN LLP**
                                          Vivian I. Orlando (SBN 213833)
14                                        Alison J. Shilling (SBN 340154)

15                                    ***Attorneys for Defendants VP LB13***
16                                    ***LLC and Canopy Communities***
                                      ***Corporation***
17

18

19

20

21

22

23

24

25

26

27

28