**MAYNARD NEXSEN LLP**
VIVIAN I. ORLANDO (SBN 213833)
VOrlando@maynardnexsen.com
10100 Santa Monica Boulevard, Ste. 550
Los Angeles, CA 90067
Telephone: 310.596.4500

**BC DAVENPORT, LLC**
DAVID A. DAVENPORT*
David@bcdavenport.com
ALEXANDER M. HAGSTROM*
Alex@bcdavenport.com
105 5th Ave. South, Suite 375
Minneapolis, MN 55401
Telephone: 612.445.8010
*Admitted Pro Hac Vice*

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| MUSKEGON HOLDINGS LLC, a Delaware limited liability company,<br><br>          Plaintiff/Counter-Defendant,<br><br>     v.<br><br>VP LB13 LLC, a California limited liability company; and CANOPY COMMUNITIES CORPORATION, f/k/a DECRO GAMMA CORPORATION, a California nonprofit corporation,<br><br>          Defendants/Counterclaimants/<br>          Third-Party Plaintiffs,<br><br>     v.<br><br>ALDEN TORCH FINANCIAL LLC, a Delaware limited liability company, and DECRO LONG BEACH, L.P., a California limited Partnership,<br><br>          Third-Party Defendants. | Case No. 8:23-cv-01302-DOC (JDEx)<br><br>*Hon. David O. Carter, Courtroom 10A*<br><br>**DECLARATION OF DAVID A. DAVENPORT IN SUPPORT OF DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND NON-TAXABLE COSTS**<br><br>[Filed concurrently with Notice of Motion and Motion for Attorneys' Fees and Non-Taxable Costs with Incorporated Memorandum of Points and Authorities; Declaration of Vivian I. Orlando; Declaration of David Nahas; Declaration of Carolina Romo; Declaration of Candace Leasure; and Proposed Order]<br><br>Date: March 10, 2025<br>Time: 8:30 a.m.<br>Ctrm: 10A<br>Judge: Hon. David O. Carter |

I, David A. Davenport, declare as follows:

1. I am over 18 years of age.

2. I am an attorney with BC Davenport, LLC ("BC Davenport"), and am admitted to practice law in the State of Minnesota and various other jurisdictions. I have been admitted *pro hac vice* in this case as lead counsel for Defendants.

3. BC Davenport specializes in providing legal counsel to and advocacy for clients on issues concerning the Low-Income Housing Tax Credit ("LIHTC") program, including disputes, litigation, and arbitration stemming from limited partner exits and property sales like occurred here.

4. I have been primarily responsible for the handling of this matter on behalf of Defendants after they engaged our law firm. Consequently, I am personally familiar with the attorneys' fees and costs described below, which Defendants have incurred in this case. I make this Declaration in Support of Defendants' Motion for Attorneys' Fees and Non-Taxable Costs (the "Motion").

5. I led the engagement, along with Alexander M. Hagstrom, another partner at our firm, Michelle Lauseng, a paralegal with more than 20 years of litigation experience, and Kaitlyn Lauseng, a Project Assistant who provides litigation assistance and technology support, and she has been with BC Davenport for 4 years. We also had some assistance, as needed, from the following others: Justin H. Jenkins (a partner); Sean Zaroogian (a former partner); Samuel Johnson (a mid-level associate attorney); and Emma Elliot (of counsel, providing associate attorney assistance). Additionally, Vivian I. Orlando, a partner with Maynard Nexsen LLP, (whom I have known for over 15 years and whose Declaration is being filed concurrently with the Motion) provided local counsel-based assistance as needed. In having worked with local counsel previously in various parts of the

country for many years now, Ms. Orlando has proven herself to provide efficient local counsel representation at reasonable hourly rates.  I believe she did so here too.

6. The timekeepers, billing rates, total hours, and total attorneys' fees of BC Davenport's attorneys, paralegal, and support staff reasonably and necessarily expended in representing Defendants in this matter are as follows:

| Timekeeper | 2023 Hours & Rate | 2023 Fees | 2024 Hours & Rate | 2024 Fees | Timekeeper Total |
|---|---|---|---|---|---|
| David A. Davenport (Shareholder) | 17.1 @ $750 | $12,825.00 | 323.9 @ $780 | $252,642.00 | $265,467.00 |
| Alexander M. Hagstrom (Shareholder) | 147 @ $465 | $68,355.00 | 1029.6 @ $505 | $519,948.00 | $588,303.00 |
| Justin Jenkins (Shareholder) | 24.2 @ $620 | $15,004.00 | 97.7 @ $670 | $65,459.00 | $80,463.00 |
| Sean Zaroogian (Shareholder) | 11.6 @ $465 | $5,394.00 | .9 @ $505 | $454.50 | $5,848.50 |
| Samuel T. Johnson (Associate) | 30.9 @ $340 | $10,506.00 | 115.2 @ $390 | $44,928.00 | $55,434.00 |
| Emma Elliot (Of Counsel) | N/A | N/A | 28.6 @ $385 | $11,011.00 | $11,011.00 |
| Michelle R. Lauseng (Paralegal) | 6.2 @ $330 | $2,046.00 | 415 @ $350 | $145,250.00 | $147,296.00 |

| | | | | | |
|---|---|---|---|---|---|
| Kaitlyn Lauseng (Project Assistant) | N/A | N/A | 179.2 @ $195 | $34,944.00 | $34,944.00 |
| Subtotals | | $114,130.00 | | $1,074,636.50 | $1,188,766.50 |
| Less Discounts | | ($6,186.00) | | | ($6,186.00) |
| **TOTAL** | | **$107,944.00** | | **$1,074,636.50** | **$1,182,580.50** |

7. Detailed records of the attorneys' fees time entries noted in Paragraph 6 above are attached hereto as **Exhibit 1.** Exhibit 1 includes the date, timekeeper, narrative description, rate, time, and amount billed for all services performed up to the date of the last entry therein.

8. Defendants have paid all attorneys' fees and costs billed to date, and are contractually obligated to pay attorneys' fees and costs incurred during the month of January 2025, which have not yet been formally invoiced but will be in the ordinary course. Time billed for January 2025 will be included in a supplemental declaration submitted in connection with Defendants' reply papers.

9. The rate charged for my time ranged from $750.00 to $780.00 per hour over the course of the dispute. I have practiced law since 1998. I have broad litigation experience in over two dozen states across the United States, and since 2015, I have continued to build a national, focused practice representing developers, sponsors, general partners, and other stake-holder participants in the LIHTC industry. I have successfully represented general partners in various LIHTC disputes across the country, like Defendants here. Because of the breadth and depth of my experience in representing clients like Defendants, I am often

asked to speak at conferences and discussion panels, and I write articles for publication in this area throughout various channels across the LIHTC industry, including in the ABA Journal of Affordable Housing and Tax Credit Advisor. I am familiar with rates charged by attorneys specializing in LIHTC-related litigation throughout the United States, and the rate of $750.00 to $780.00 per hour is reasonable and, in fact, often lower than that which may be charged for a lawyer of my experience offering similar services. I believe this rate is also reasonable considering the complexity of the federal LIHTC program, which is reflected in the written agreements entered into for the development of affordable housing throughout the United States. The dispute here arose out of such a partnership agreement and option agreement.

10. The rate charged for Mr. Hagstrom's time ranged from $465.00 to $505.00 per hour. Mr. Hagstrom has been licensed in Minnesota since 2015 and in Florida since 2023. Mr. Hagstrom joined me at BC Davenport in January of 2021 to continue specializing in Low-Income Housing Tax Credit litigation, like this case, which he has been involved with since 2019. I believe Mr. Hagstrom's rate is reasonable for a partner with similar experience, and in particular where practicing at a firm specializing in LIHTC-related litigation and providing similar services throughout the United States. Mr. Hagstrom has spoken at industry events and conferences around the country on issues related to LIHTC litigation, and also written on such issues in Tax Credit Advisor. He also clerked for the now-former Chief Justice Lorie Skjerven Gildea of the Minnesota Supreme Court.

11. The rate charged for Michelle Lauseng's time ranged from $330.00 to $350.00 per hour. Ms. Lauseng is a paralegal at BC Davenport. She has been working as a paralegal for over 20 years and has worked on LIHTC-related matters with me since 2015. Ms. Lauseng performed substantive legal work under

the direction and supervision of an attorney, including investigative research, discovery database management, discovery production and review, and she was pivotal in preparing for and helping to advance Defendants' case successfully at trial. I am familiar with rates charged by paralegals specializing in LIHTC-related litigation around the country, and I believe Ms. Lauseng's rate is reasonable for a paralegal with similar experience and providing similar services throughout the United States, as reflected by the excellent result achieved at trial.

12. The rate charged for Kaitlyn Lauseng's time was $195.00 per hour. Ms. Lauseng is a skilled and experienced Project Assistant who also joined BC Davenport in January of 2021 and has been working in that capacity ever since, providing litigation assistance and technology support. Ms. Lauseng has several years of significant experience specializing in Low-Income Housing Tax Credit litigation, like this case. I believe Ms. Lauseng's time and billing rates are reasonable based on her experience and expertise as a Project Assistant specializing in this subject matter, as reflected by the excellent result achieved at trial.

13. The rate charged for Mr. Jenkins' time ranged from $620.00 to $670.00 per hour. Justin H. Jenkins is a skilled and experienced attorney and has practiced law for 19 years. Mr. Jenkins is admitted to practice in the States of Minnesota, New York, and Texas, the United States Bankruptcy Court for the Districts of the Northern, Eastern, Western, and Southern Districts of Texas, the United States District Court for the Districts of the Northern, Eastern, Western, and Southern Districts of Texas, Minnesota, and the Southern and Eastern Districts of New York, and the United States Court of Appeals for the 7th Circuit. Mr. Jenkins has also been admitted *pro hac vice* in many other jurisdictions. Mr. Jenkins also joined me at BC Davenport in January of 2021 to specialize in

Low-Income Housing Tax Credit litigation, like this case. I believe Mr. Jenkins' rate is reasonable and, in fact, lower than that which may be charged by a partner with similar experience and practicing at a firm specializing in LIHTC-related litigation and providing similar services throughout the United States. Mr. Jenkins has also spoken at industry events and conferences throughout the country on issues related to LIHTC litigation.

14. The rate charged for Mr. Johnson's time ranged from $340.00 to $390.00 per hour. Mr. Johnson is a skilled and experienced attorney that has practiced law with BC Davenport for 3 years and spent the 3 prior years as a law clerk in the State of Minnesota, Hennepin County District Court under the tutelage of the Honorable Daniel C. Moreno, District Court Judge. Mr. Johnson is admitted to practice in the State of Minnesota and the United States District Court for the District of Minnesota. Mr. Johnson joined BC Davenport in 2021 and he has gained significant knowledge and expertise specializing in Low-Income Housing Tax Credit litigation, like this case. I believe Mr. Johnson's time and billing rates are reasonable based on his experience and expertise in this subject matter.

15. The rate charged for Mr. Zaroogian's time ranged from $465.00 to $505.00 per hour per hour. Mr. Zaroogian was a partner at BC Davenport, who was licensed to practice law in New York in 2015 and Minnesota in 2020. I believe Mr. Zaroogian's rate was reasonable for a partner with similar experience and practicing at a firm specializing in LIHTC-related litigation and providing similar services throughout the United States.

16. The rate charged for Ms. Elliot's time was $385.00 per hour. Ms. Elliott is a skilled and experienced attorney that has practiced law for 6 years. Ms. Elliot is admitted to practice in the State of Tennessee. Ms. Elliott has served

of-counsel with the Firm, on a contract basis, since 2023, and has experience in Low-Income Housing Tax Credit litigation, like this case. I believe Ms. Elliott's time and billing rates are reasonable based on her experience and expertise as an attorney specializing in this subject matter.

17. Defendants have also incurred **$171,417.12** in reasonable and necessary non-taxable costs as follows:

| Costs | Amounts |
|---|---:|
| Filing Fees – Pro Hac Vice Motions | $1,500.00 |
| Expert Fees | $84,532.50 |
| ADR Services | $3,145.00 |
| Legal Fees for Appearance of Misi Tagaloa at deposition | $2,500.00 |
| Non-taxable deposition costs | $6,801.98 |
| Hearing and Trial Court Reporting Fees | $12,821.80 |
| WestLaw Legal Research | $10,151.14 |
| Electronic Discovery Services | $7,896.50 |
| Misc. Shipping/Copying | $7,009.63 |
| Misc. Trial Expenses – Demonstratives, Equipment | $4,640.94 |
| Travel, Lodging and Meal Expenses | $37,917.63 |
|  |  |
| Subtotal | $178,917.12 |
| Less Credit | ($7,500) |
| **TOTAL** | **$171,417.12** |

18. The total of **$171,417.12** in reasonable and necessary non-taxable costs detailed in Paragraph 17 were billed through (1) itemized costs charged to Defendants through BC Davenport invoices in the amount of **$70,111.14**, as detailed in Exhibit 1 and Exhibit 2(a) (referenced below); (2) third-party vendor invoices in the total amount of **$96,979.48** (true and correct copies of third-party invoices totaling $70,111.14, which were paid by BC Davenport and then reimbursed by Defendants through the payment of BC Davenport invoices, are attached hereto as **Exhibit 2(a)**; and true and correct copies of third-party invoices submitted to and paid directly by Defendants are attached hereto as **Exhibit 2(b)**); and (3) itemized costs charged to Defendants through Maynard Nexsen LLP in the amount of **$4,326.50** as detailed in the Declaration of Vivian I. Orlando filed contemporaneously herewith.

19. For the reasons outlined herein and in the Motion, I believe that the hours, rates, and costs identified in the tables above were necessary, reasonable, and not excessive for this case.

20. Attached as **Exhibit 3** is a true and correct copy of the Second Interim Award granting recovery of attorneys' fees and costs (the "Second Interim Award") in the matter captioned *Multi-Housing Tax Credit Partners XXX v. Finlay Interests 40 GP, LLC*, JAMS Arbitration Case No. 1220069807 (Hon. Keith D. Davis (Ret.) (Dec. 23, 2024).

21. Attached as **Exhibit 4** is a true and correct copy of the Petition for Fees and Costs, with select exhibits (excluding the others for confidentiality purposes), pursuant to which the Second Interim Award was granted in the matter captioned *Multi-Housing Tax Credit Partners XXX v. Finlay Interests 40 GP, LLC*, JAMS Arbitration Case No. 1220069807 (Hon. Keith D. Davis (Ret.) (Dec. 23, 2024).

22. Attached as **Exhibit 5** is a true and correct copy of the Final Award granting recovery of attorneys' fees and costs in the matter captioned *White Settlement Senior Living LLC v. Multi-Housing Tax Credit Partners XXXI*, JAMS Arb. Ref. No. 1410008849, 2022 WL 18542447 (2022), *confirmed*, DC-22-04532, 2022 WL 18492132 (Tex. Dist. Ct. Dallas Cty., 2022).

23. Following entry of Judgment, on January 21, 2025, I told counsel for Muskegon Holdings LLC and Alden Torch Financial, LLC (collectively, the "Alden Parties") that the General Partners would be filing the Motion for fees and costs, and asked if the Alden Parties intended to challenge entitlement and/or reasonableness, noting that if reasonableness was challenged then counsel believed billing records should be provided. The next day, I confirmed this in writing through a formal request, but the Alden Parties declined to take a position until after the General Partners filed the Motion. Attached as **Exhibit 6** is a true and correct copy of the January 22-23, 2025, email communications to this effect that were had with counsel for the Alden Parties.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 29th day of January 2025, in Minneapolis, Minnesota.

*/s/ David A. Davenport*
David A. Davenport